IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEATTIE BROUSEAU, | ) | Case No.: 4:23-cv-03056 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANT HY-VEE, INC.'S |
| | ) | ANSWER |
| HY-VEE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Hy-Vee, Inc. for its Answer to Plaintiff's Complaint hereby admits, denies, states, and alleges as follows:

1. Upon information and belief, Defendant admits paragraph 1 of Plaintiff's Complaint.

2. Defendant Hy-Vee, Inc. ("Hy-Vee") admits it is a corporation incorporated under the laws of the State of Iowa, maintains its principal place of business in West Des Moines, Iowa, and is registered to do business in the State of Nebraska.

3. Defendant admits Plaintiff's Complaint alleges a cause of action arising under Neb. Rev. Stat. § 48-1107.01 and the Court has jurisdiction over claims that were not dismissed pursuant to the Memorandum and Order dated January 10, 2024 (Filing No. 17). Defendant denies it violated Neb. Rev. Stat. § 48-1107.01 or any other state or federal law.

4. Defendant admits the alleged facts contained in Plaintiff's Complaint took place in Cass County, Nebraska.

5. Defendant admits Plaintiff was employed as a kitchen manager at the Hy-Vee store located in Plattsmouth, Cass County, Nebraska.

6. Defendant is without sufficient information to admit or deny the allegation contained in paragraph 6 of Plaintiff's Complaint, for which reason it is denied.

       7.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint, for which reason they are denied.

       8.      The Court dismissed Plaintiff's failure to accommodate claim(s) as time-barred in its Memorandum and Order dated January 10, 2024 (Filing No. 17), for which reason Defendant has no obligation to respond to the allegations contained in Paragraph 8 of Plaintiff's Complaint. To the extent a response is required, Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

       9.      Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

       10.      The Court dismissed Plaintiff's failure to accommodate and constructive discharge claim(s) as time-barred in its Memorandum and Order dated January 10, 2024 (Filing No. 17), for which reason Defendant has no obligation to respond to the allegations contained in Paragraph 10 of Plaintiff's Complaint. To the extent a response is required, Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

       11.      Defendant admits Plaintiff applied for an open position with the Defendant on or about September 7, 2022 and was not rehired. Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

       12.      Defendant states Plaintiff had the skills and experience necessary to perform the job for which she applied on or about September 7, 2022. Defendant alleges Plaintiff was not the most qualified applicant for the position for which she applied. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

       13.      Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint. Defendant admits that at the time it decided not to rehire Plaintiff in response to her September 7, 2022 application Hy-Vee was aware that Plaintiff had previously requested and was granted leave on May 14, 2022 due to a medical condition.

       14.      Defendant admits Plaintiff started working for Defendant on October 26, 2018 at the store location in Plattsmouth, Cass County, Nebraska.

       15.      Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint that at all times during her employment Plaintiffs job performance was satisfactory.

16. The allegations contained in Paragraph 16 of Plaintiff's asserts legal conclusions which can be neither admitted nor denied. Defendant, therefore, respectfully refers all issues of law to the Court to decide. To the extent that a response to this allegation is required, Defendant denies the same.

17. Defendant denies it had notice of Plaintiff's need for leave under the Family and Medical Leave Act ("FMLA") related to a miscarriage when she requested leave on May 14, 2022 and/or took medical leave during the last week of her employment.

18. Defendant admits Plaintiff was eligible for and was granted FMLA leave when she requested leave on May 14, 2022.

19. The Court dismissed Plaintiff's failure to accommodate and constructive discharge claims as time-barred in its Memorandum and Order dated January 10, 2024 (Filing No. 17), for which reason Defendant has no obligation to respond to the allegation contained in subsection (1) of Paragraph 19 of Plaintiff's Complaint. To the extent a response is required, Defendant denies the allegations contained in subsection (1) of Paragraph 19 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations that Hy-Vee interfered with Plaintiff's right to leave under the Family and Medical Leave Act and that it retaliated against her for exercising any rights she may have under the Act. Defendant denies all allegations in Paragraph 21 of Plaintiff's Complaint.

**Denial, Allegations, and Affirmative Defenses**

Defendant Hy-Vee asserts the following allegations and affirmative defenses to Plaintiff's Complaint, and reserves the right to amend this Answer to assert any other defenses that may be available to the fullest extent allowed by law and the Court. By raising these defenses Defendant does not waive any argument that it is Plaintiff, not Defendant, who bears the burden of proof on the applicability, existence, or proof of any stated defense—that is, by listing the defenses below Defendant does not assume a burden that it would not otherwise bear.

22. Defendant denies, generally and specifically, all allegations contained in Plaintiff's Complaint except those expressly admitted herein and those which constitute admissions of the Plaintiff, including those contained in Plaintiff's prayer for relief.

23. Alleges the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

24. Defendant alleges it acted in good faith in accordance with its lawful and established employment policies, practices, and procedures.

25. Defendant alleges Defendant had legitimate, non-retaliatory business reasons for its actions and decisions concerning Plaintiff.

26. Defendant alleges Plaintiff cannot show Defendant's decision not to rehire her was motivated by impermissible retaliatory animus based upon her FMLA leave request or use.

27. Defendant alleges there exists no causal link between the decision to not rehire Plaintiff and any alleged protected activity as the temporal proximity between her alleged FMLA protected activity and the decision not to rehire her does not allow for an inference of causation.

28. Defendant alleges Plaintiff's rights—including those under the Nebraska Fair Employment Practices Act and/or the Family and Medical Leave Act—were not violated as Plaintiff was afforded all of the rights, privileges, and immunities granted by applicable law.

29. Defendant alleges its conduct at all times was lawful, justified, and made in good faith.

30. Defendant alleges Plaintiff has failed to take reasonable steps to mitigate her damages and is barred from recovering any damages which might have been avoided by reasonable efforts.

31. Defendant alleges its actions were at all times job-related and consistent with business necessity.

32. Defendant alleges to the extent Plaintiff meets her burden of proof to prevail on all or part of her claim(s), Defendant is nonetheless then entitled to the same-decision defense.

33. Defendant alleges Plaintiff is not entitled to liquidated damages because Defendant's actions were in good faith and the Defendant had reasonable grounds for believing its actions or omissions did not violate the FMLA.

WHEREFORE, Defendant requests Plaintiff's Complaint be dismissed at Plaintiff's costs.

        HY-VEE, INC., Defendant

By: /s/ Torrey J. Gerdes
Torrey J. Gerdes, #23924
Christopher M. Schmidt, #26096
Susan M. Foster, #24192
Baylor Evnen Wolfe & Tannehill, LLP
Union Bank Place
1248 "O" Street, Suite 900
Lincoln, NE 68508
Telephone: (402) 475-1075
Fax: (402) 475-9515
Email: tgerdes@baylorevnen.com
cschmidt@baylorevnen.com
sfoster@baylorevnen.com

## CERTIFICATE OF SERVICE

I hereby do certify that I am one of the attorneys of record for the Defendant and that on January 24, 2024, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Jon Rehm
Rehm, Bennett, Moore & Rehm, PC, LLP
jonrehm@rehmlaw.com
*Attorney for the Plaintiff*

        /s/ Torrey J. Gerdes
        Torrey J. Gerdes, # 23924